IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | CIVIL ACTION NO. 5:11cv105DCB-JMR |
| $70,000 SEIZED FROM MUTUAL CREDIT UNION, ACCOUNT NO. XXXXXX-04 | DEFENDANT PROPERTY |

## **DEFAULT JUDGMENT OF FORFEITURE**

This matter comes before the Court on the Motion for Default Judgment of Forfeiture filed by the United States of America ("Government") and, finding that the relief sought by such motion has merit and should be granted, the Court further finds and adjudicates as follow:

1. The Complaint for Forfeiture *in Rem* in this matter was filed on July 13, 2011, and pursuant to order of this Court, the defendant property, described above, was arrested by the Internal Revenue Service (IRS).

2. Subsequently, on July 16, 2011 and July 21, 2011, a copy of the Complaint for Forfeiture *in Rem* and Notice of Forfeiture Action was served by certified mail, return-receipt requested, upon Lee A. Davis as noted in the Proof of Service filed on October 11, 2011 (Ct. Doc. No. 8). Additionally, a notice of the forfeiture was also published on the official government internet website (www.forfeiture.gov) for a period of at least 30 consecutive days commencing on August 10, 2011, as noted in the Declaration of Publication filed on September 26, 2011 (Ct. Doc. No. 5).

3. The notice informed Lee A. Davis and any other persons or entities, known or unknown, claiming an interest in the defendant property, that the defendant property had been arrested, that this civil forfeiture action was pending, that they had at least thirty-five (35) days from receipt of notice to file a claim and twenty (20) days after filing the claim to file an answer. Further, for guidance in

the preparation of a claim and answer, the notice referred any such persons or entities to Rule G(5) of Supplemental Rules of Admiralty and Maritime Claims, and warned that if this rule was not strictly followed, any claim and answer could be stricken and a default judgment of forfeiture or summary judgment rendered.

   4.  The Government took all reasonable measures to insure that Lee A. Davis and any other possible claimant, received such notice in a timely fashion.  To this date however, Lee A. Davis, nor any other person or entity has filed a claim or answer.  Therefore, Lee A. Davis and any other possible claimants, are in total default, the Entry of Default made by the Clerk(Ct. Doc. No. 10) was entirely proper, and the Government is entitled to a default judgment of forfeiture, all without the necessity of any further notice to Lee A. Davis or any other person or entity.

   IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

   a. The United States of America is hereby given a default judgment of forfeiture against the defendant property described below:

**$70,000 SEIZED FROM MUTUAL CREDIT UNION, ACCOUNT NO. XXXXXX-04**

and against the interest therein of Lee A. Davis and any and all persons or entities having or claiming an interest in defendant property;

   b.  Title to defendant property is hereby vested in the United States of America and any administrative claims or interests therein of any persons or entities, including Lee A. Davis are hereby canceled;

   c.  Defendant property is referred to the custody of the Internal Revenue Service (IRS) for disposition in accordance with law and regulations.

SO ORDERED AND ADJUDGED this 17th  day of October, 2011.

                                          s/David Bramlette
                                          UNITED STATES DISTRICT JUDGE